UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

BOBBY MITCHELL                                      CIVIL ACTION NO. 18-0459

                                                    SECTION P
VS.
                                                    JUDGE TERRY A. DOUGHTY

ROBERT MYLES, ET AL.                                MAG. JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

Plaintiff Bobby Mitchell is incarcerated at Bossier Medium Correctional Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on April 4, 2018, under 42 U.S.C. § 1983. He names Robert Myles, Officer Beckly, Cpt. Crain, and Sheriff Clay Bennett as Defendants.[1] For the following reasons, it is recommended that Plaintiff's claims against Defendant Bennett, Plaintiff's access to court claim, and Plaintiff's request to charge all Defendants with crimes be **DISMISSED WITH PREJUDICE**.[2]

Background

Plaintiff alleges that, on April 9, 2017, Defendant Myles "used brutal force" on him. While conducting a "lock down check," Myles ordered Plaintiff to position a mat in several different manners. Although Plaintiff peacefully complied with the instructions, Myles sprayed Plaintiff with a chemical agent. When Plaintiff tried to run, Myles hit him near his eye with an unknown object, knocking Plaintiff unconscious. When he woke, he discovered that Myles was

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff sets forth additional claims in his Complaint that are not subject to the instant Report and Recommendation. The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the additional claims.

stomping on him and repeatedly kicking him in the face. Then, while Plaintiff remained on the floor, Myles shocked him with a Taser.

After ordering Plaintiff to rise, Myles placed Plaintiff in handcuffs and escorted him to the bathroom. He pushed Plaintiff against a wall, causing Plaintiff to hit his head. Defendant Beckly entered the bathroom and ordered Plaintiff to remove his blood-stained clothing. After showering, Beckly handcuffed Plaintiff and arranged for transportation to a hospital.

Plaintiff claims that he did nothing to provoke Myles. He alleges that Myles's actions caused his face to swell, lacerations, blood loss, and fractured ribs. Physicians stitched his lacerations and performed surgery on his eye.

Plaintiff alleges further that Defendants Beckly and Crain attempted to conceal Myles's actions by, respectively, discarding Plaintiff's blood-stained clothing and transferring him to Richland Parish. [doc. # 9, pp. 4,5, 9, and 10].

Plaintiff seeks $375,000.00 in damages, and he asks the Court to charge Defendants with crimes. [doc. #s 1, 9].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is an inmate who has been permitted to proceed in forma pauperis. As an inmate seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the

complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Criminal Charges**

There is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).[4] In federal courts, prosecuting criminal actions is solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. In Louisiana courts, prosecuting criminal actions is solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See LA. CODE. CRIM. PROC. arts. 61 and 62. Here, to the extent Plaintiff demands that the Court charge Defendants with crimes, his request should be denied as frivolous.

**3. Access to Court**

Plaintiff offers disjointed and conclusory allegations that Defendants attempted to "cover this matter up" by transferring him to another facility. [doc. # 9, pp. 4, 5, 10]. These allegations resemble, but do not plausibly state, an access to court claim because Plaintiff does not explain how transferring him impaired his ability to present his excessive force claim.[5] Defendants'

---

[4] See *U.S. v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

[5] Perhaps more important, Plaintiff does not allege or explain how his transfer deprived him of a constitutional right.

actions, manifestly, did not impeded Plaintiff's ability to file suit. See *Foster v. City of Lake Jackson*, 28 F.3d 425, 427 (5th Cir. 1994) (holding that allegations that defendants conspired to conceal and suppress evidence did not state an access to court claim because the defendant's actions did not impede the plaintiffs' ability to file suit). Nor does Plaintiff allege that he lost a remedy—or an opportunity to seek a remedy—for his underlying excessive force claim. See *McBay v. Harrison Cty., Miss.*, 2010 WL 1528526, at *4 (S.D. Miss. Apr. 14, 2010) (finding, where the plaintiff alleged that defendants concealed evidence of excessive force, that the plaintiff did not state either a "forward-looking" or "backward-looking" access to court claim). Thus, to the extent Plaintiff seeks relief for a violation of his right of access to court, his claim should be denied.

**4. Sheriff Clay Bennett**

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

Here, Plaintiff does not allege that Sheriff Bennett participated in any constitutional deprivation or implemented a policy so deficient that it constitutes a deprivation of constitutional rights. Moreover, Sheriff Bennett cannot be held vicariously liable for the actions of his subordinates. Accordingly, Plaintiff's claims against Sheriff Bennett should be dismissed.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Bobby Mitchell's

claims against Defendant Bennett, Plaintiff's access to court claim, and Plaintiff's request to charge all Defendants with crimes be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 19th day of June, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE