UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BOBBY MITCHELL** | * | **CIVIL ACTION NO. 18-0459**<br>**SEC. P.** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **ROBERT MYLES, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On June 19, 2018, the court afforded plaintiff 30 days to furnish the Clerk of Court with one (1) copy of the original and amended complaints, two (2) completed summonses, and one (1) completed USM-285 form for EACH of the remaining defendants: Robert Myles, "Officer Beckly," and "Cpt. Crain." (June 19, 2018, Mem. Order [doc. # 11]). However, plaintiff failed to do so.

Accordingly, on August 30, the court notified plaintiff that after September 13, 2018, and in the absence of good cause shown, it intended to dismiss any remaining defendant for whom he had not completed and returned to the Clerk of Court requisite service documents. (Aug. 30, 2018, Notice of Intent to Dismiss [doc. # 13]). It is now more than 17 days past the latest deadline, with no response from plaintiff.

### Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The

power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored more than one court order. Also, as plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund an alternative monetary sanction.[1] Moreover, dismissal with prejudice may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of

---

[1] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

action.[2] Finally, plaintiff's unrepentant flaunting of court orders[3] reflects his own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to him as a litigant unrepresented by counsel.[5]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's claims against remaining defendants, Robert Myles, "Officer Beckly," and "Cpt. Crain," be DISMISSED, with prejudice, in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[2] Certainly, if plaintiff disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

[3] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[4] *See Millan, supra*.

[5] While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 1st day of October 2018.

　　　　　　　　　　　　　　　　／s／ Karen L. Hayes
　　　　　　　　　　　　　　　　KAREN L. HAYES
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE